## LEE v SPRINGFIELD (city)

Ohio Appeals, 2nd Dist, Clark Co.

No. 406.   Decided Nov. 24, 1939.

Todd, Tehan & Lorentz, Springfield, for plaintiff-appellee.

Fred H. Carpenter, Springfield, and H. W. Snodgrass, Springfield, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas, Clark County, Ohio.

In the trial court, plaintiff, through his petition, sought to recover damages against the defendant in the sum of $35,000.00, by reason of injuries sustained, claimed to have been caused by the failure of the defendant city to keep its streets in repair and free from nuisance.

Briefly, the claimed actionable dereliction of duty may be summarized as follows:

Plaintiff, a married man about thirty years of age, on the night of February 18, 1938, was driving his automobile in a careful manner and at a reasonable and safe speed on Sunset Avenue, a public thoroughfare within said city, and at a point where Sunset Avenue intersects Selma Road the wheels of his auto dropped into a large hole, causing the left door of the car to be thrown open and plaintiff thrown from his position to the extent that he lost control of the car and thereafter the car, moving on its momentum, struck an electric light pole in such a way that the open door was pushed shut against plaintiff's left arm, and with such force that his arm was mangled and broken, and created a condition through which it was necessary to amputate the arm above the elbow, near the shoulder.

The petition further alleged that while he had no knowledge of the existence of this hole in the street prior to the accident, yet it had existed for a long period of time in such a condition as to constitute a nuisance, and that the defendant city knew of such condition or by reason of the period of time which it existed, was charged with notice that the street at this point was out of repair to the extent that it was a nuisance.

Defendant filed answer and in a first defense admitted many of the allegations of the petition and denied all others, in which general denial were included all allegations in the petition upon which was predicated plaintiff's claimed liability of the city.

In addition to the general denial, the first defense of the answer averred that plaintiff's alleged injuries, if any, were sustained solely by reason of his own negligence and want of care and without any fault or negligence on the part of the answering defendant.

The second defense of the answer set out in usual form the averment of contributory negligence. Specifically, it was averred that the intersection of Sunset Avenue and Selma Road was plainly visible, being well lighted at the time and place of alleged injuries; that the condition of the street at said location was well known to the plaintiff, who had passed along and over the same at that point several times during the many months prior to February 18, 1938, and the plaintiff, knowing the condition of said intersection, nevertheless voluntarily and in a careless and negligent manner drove his automobile there at a high and dangerous speed without regard for his own safety and that his careless operation of said automobile at such high and dangerous rate of speed was the proximate cause of such injuries.

The second defense contained the further averment that the street and road at the named intersection were open, in repair and free from nuisance, and in a proper condition for safe travel thereon when used in a careful and lawful manner.

The third defense of the answer contained the averments that at the time and place the plaintiff was operating his automobile while he was under the influence of intoxicating liquors, the use of which had affected his ability to operate his auto in a proper and careful

manner, and that by reason thereof the said automobile was being operated by plaintiff in a reckless, careless and unlawful manner, which was the direct and proximate cause of the injuries.

Plaintiff's reply denied all allegations of the several defenses of the answer except those directly admitted allegations of the petition.

The case was tried to the court and jury, resulting in a verdict for the plaintiff in the sum of $11,000.00.

Motion for new trial was duly filed, overruled, and judgment entered on the verdict.

This is the final order from which appeal was lodged in this court. Appellant in its assignment of errors sets out six specifications, as follows:

1. The court erred in overruling the motion of defendant-appellant for a new trial.

2. There were irregularities in the proceedings of the court.

3. The jury awarded excessive damages while under the influence of passion and prejudice.

4. The verdict is not sustained by such evidence and is contrary to law.

5. Error of law occurring at the trial and excepted to by the defendant and apparent upon the record.

6. The said decision and judgment are contrary to law.

These assignments of error are very general, following the usual form adopted in motions for new trial.

Assignment of errors should be more specific so that a reviewing court from the assignment may at once understand the exact errors complained of.

The Courts of Appeals of the State at their annual meeting on Tuesday, September 19, 1939, adopted suggested forms of brief and provided therein for the assignment of errors.

This suggested rule will be found in Ohio Bar Association Reports under date of October 23, 1939. If in the future this suggested plan of briefs and assignments of error will be followed, it will obviate the necessity of searching the brief in order to know just what the claimed errors are.

This in no sense is a criticism of the type of assignment of errors filed in the instant case, but it merely affords the opportunity of pointing out how such assignments may be formulated so as to be more helpful.

We now go to the brief and attempt to formulate the specific assignments of error.

First—

"The admission of 'testimony of other accidents' in the trial case in the lower court, without any qualifying ground being laid and without the admonition of the trial court as to the purpose of its admission was, we submit, most prejudicial to the defendant and is ample ground for reversal of this cause."

An examination of the record discloses that during the course of the trial counsel for plaintiff called several witnesses for the sole purpose of testifying as to the claimed defective condition of the streets at the intersection where the accident occurred. The sum total of this testimony from various witnesses tended to prove that the street was out of repair and in such dangerous condition as to constitute a nuisance. Further, that this condition had existed for several months prior to plaintiff's accident, and some of the witnesses had had difficulty in negotiating this condition in the street, or had observed others experiencing such difficulty. This evidence also further tended to prove that this condition had been continuous for a long period of time. When the first witness was called to give testimony of this character, objection was made to such witness testifying to the claimed fact that at a prior date when witness was operating his automobile at this intersection the hole in the street caused his car to veer and get partly out of control to the extent that a passenger riding with him was slightly injured. The trial court admitted the testimony but first gave to the jury the following instructions: "At this time I will instruct the jury that evidence of other accidents occur-

ring at this place admittedly prior to the time alleged in the petition, may be offered in evidence upon the part of the plaintiff and admitted by the court. However, this evidence is admitted to prove the dangerous character of the place and knowledge thereof by the defendant. It is not admitted to prove negligence on the part of the defendant nor care and prudence on the part of the plaintiff."

The trial court in making this announcement of the law followed the text as set out in 43 Corpus Juris, §2022, on pages 1257 and 1258. Appellant raised no question as to the correctness of this rule of law. Appellee urged that as applied to the facts of the instant case in that it might have been prejudicially erroneous to him, but due to the fact that the defendant alone is prosecuting error we need give no consideration to this claim.

Under this assignment of errors appellant raises several specific questions.

It is strenuously urged that when other witnesses were called to give similar testimony as to other accidents, which the court admitted over the objections, he failed again to instruct the jury as to the limited purpose for which such testimony was admitted. We ascertain from the record that defendant made no request that the court again instruct the jury as to the limited purpose of such testimony.

It is our determination that the instruction that the trial court gave to the jury when the first witness was called was broad enough to include not only the testimony of that particular witness but that of all others testifying to similar facts, and had counsel for the city felt that the jury should be further advised as to the limited purpose of such testimony, it was their duty to make a request that the trial court so do.

The present-day rule is well recognized that counsel may not sit idly by under such a situation and then, after an adverse verdict, attempt to predicate error upon questions arising during the trial, which at the time they did not consider of such moment to call to the attention of the court.

Complaint is made that the court failed to include in his instructions to the jury that the evidence of other accidents must be under the same conditions.

This statement as contained in the text from 43 Corpus Juris, supra, must be construed as an abstract rule.

No two accidents are identical or under the same conditions. As applied to the instant case it would mean that other parties in negotiating this hole in the street had similar experiences, varying only in degree.

In examining the record we find that the testimony presented was limited to evidence of this character and hence, the abstract statement to the jury would not be necessary.

Complaint is made that testimony of Mr. J. B. Lee (unrelated to plaintiff) was not restricted so as to invoke the rule of law "under the same conditions." This witness in his testimony in chief described the condition in some detail. Inquiry was made as to whether or not he knew of any other accidents, to which he answered that he knew of one subsequently. This inquiry was not pursued further.

In cross-examination by counsel for City, it was brought out that the other accident to which he referred was due to the fact that the operators of two different motor vehicles were racing upon the street and that by reason of the speed at which they were moving they were unable to stop at the intersection.

In this situation it would be obvious that any reference of this witness to any other accident would be wholly irrelevant.

Counsel for the City might have asked the court to so instruct the jury, but this was not done.

Complaint is made that the trial court in his general charge to the jury advised them that evidence of other accidents was admitted for the purpose

of showing a dangerous condition, and also knowledge on the part of the City, but did not instruct them that only accidents occuring within a reasonable time prior and under the same conditions could be considered by the jury.

No request was made by counsel for the court to so charge. We find no prejudicial error in this respect.

Second—

A further claim of error is that damages are excessive because of passion and prejudice.

Considering the age of the plaintiff, his former condition of health, his previous wage, his limited education which reduces his means of employment to physical labor, the nature and extent of his injuries, and other similar conditions, we have no difficulty in arriving at the conclusion that the amount of the verdict is not excessive.

Third—

A further claimed error is made that the court erred in its charge to the jury in over-emphasizing the question of damages. We have read the court's charge in its entirety and find nothing objectionable in this particular.

Fourth—

A further claim of error is that the court erred in its charge to the jury in referring to the complaint against the city as negligence. We find, by an examination of the City's answer in the second defense thereof, that it uses the expression "negligence". In the cases referred to, the court had charged on common law negligence which, of course, was objectionable. In the instant case the gist of the action was a violation of a statutory duty, and courts very generally have referred to this, even as against municipalities as negligence.

It might be preferable to follow the statute, that is failure to keep the street in repair and free from nuisance, but the few instances in which the trial court used the word "negligence" could not possibly be misleading to the jury or prejudicial.

Fifth—

A further complaint is that the court erred in not instructing the jury on the issue of intoxication. It is true this issue was raised by the third defense of the answer, but no evidence whatever was introduced of intoxication. Plaintiff, in his direct examination, in detailing his movements from the time he left home in the early evening until the hour of the accident, said that he had had two bottles of beer. The interne and nurse at the hospital, where he was taken following the accident, testified that they detected smell of alcohol. Police officers who interviewed him at the hospital shortly after his arrival gave the same testimony. No witness gave testimony that plaintiff was intoxicated.

Counsel for the City did not request the court to charge on this issue, and it is extremely doubtful, under the state of the record, if the court should have charged on the question of intoxication even had a request been made. The mere fact that the issue is raised through the pleadings does not warrant a charge relative thereto unless there is evidence supporting it.

Two bottles of beer consumed during the course of the night and several hours before the accident, standing alone would not raise an inference of intoxication.

Finding no prejudicial error, the judgment of the trial court will be affirmed and cost adjudged against the appellant. An entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.